**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAMAL SONY GRANDOIT, | : | |
| | : | |
| Appellant | : | No. 190 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 7, 2017
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0002472-2016

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:        **FILED: DECEMBER 27, 2019**

Shamal Sony Grandoit ("Grandoit") appeals from the judgment of sentence imposed after a jury convicted him of possession with intent to deliver a controlled substance, possession of a controlled substance, possession of drug paraphernalia, and criminal use of a communication facility.[1]  Additionally, Grandoit's counsel, Matthew P. Kelly, Esquire ("Attorney Kelly"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant Attorney Kelly's Petition to Withdraw and affirm Grandoit's judgment of sentence.

On May 13, 2016, a Kingston Borough Police Department officer observed Grandoit engage in what the officer believed to be a hand-to-hand drug transaction, which occurred behind a restaurant.  Grandoit then got into

---

[1] ***See*** 35 P.S. § 780-113(a)(30), (16), (32); 18 Pa.C.S.A. § 7512(a).

a vehicle and drove away, after which the police stopped the vehicle, and placed Grandoit in custody. Shortly thereafter, the police returned to the restaurant in an attempt to locate the person who, the police suspected, had purchased drugs from Grandoit. The police encountered and questioned Derek Lewis ("Lewis"), who was employed at the restaurant. Lewis confessed that he had purchased ten bags of heroin from Grandoit, and identified Grandoit in a police photograph. Lewis also showed the police text messages between him and Grandoit concerning the transaction (hereinafter, the "text message evidence"). The Commonwealth subsequently charged Grandoit with the above-mentioned crimes.

The matter proceeded to a jury trial, at the close of which the jury found Grandoit guilty of the above-mentioned crimes. On June 7, 2017, the trial court sentenced Grandoit to an aggregate term of 35 to 70 months in prison. Grandoit did not initially file a direct appeal. However, Grandoit's direct appeal rights were subsequently reinstated, *nunc pro tunc*. The trial court appointed Attorney Kelly to represent Grandoit. Attorney Kelly filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. In response, the trial court issued a Rule 1925(a) Opinion. Thereafter, Attorney Kelly filed, with this Court, an **Anders** Brief and a Petition to Withdraw as counsel.[2]

---

[2] Grandoit neither filed a *pro se* brief, nor retained alternate counsel for this appeal.

Before addressing Grandoit's issues on appeal, we must determine whether Attorney Kelly has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. ***See Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw[,] stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, our review of the **Anders** Brief and the Petition to Withdraw reveals that Attorney Kelly has complied with all of the requirements of **Anders**/**Santiago**. The record further reflects that Attorney Kelly has (1) provided Grandoit with a copy of both the **Anders** Brief and Petition to Withdraw, (2) sent a letter to Grandoit advising him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of this Court's attention, and (3) attached a copy of this letter to the Petition to Withdraw, as required under **Commonwealth v. Millisock**, 873 A.2d 748, 751-52 (Pa. Super. 2005). Accordingly, we must next examine the record and make an independent determination of whether Grandoit's appeal is, in fact, wholly frivolous.

Attorney Kelly presents the following issues, on behalf of Grandoit, for our review:

I. Whether trial counsel was ineffective in failing to object to [introduction of the] … text message evidence at trial[?]

II. Whether the Commonwealth failed to prove beyond a reasonable doubt that [Grandoit] sold drugs to the Commonwealth's witness[?]

III. Whether the use of a single picture to identify [Grandoit] at trial was proper[?]

IV. Whether the traffic stop of [Grandoit] was illegal[?]

**Anders** Brief at 1.

Grandoit first argues that his trial counsel rendered ineffective assistance by failing to object to the introduction of the text message evidence

- 4 -

at trial. ***Id.*** at 5. It is well-settled that ineffectiveness claims may not be raised in the first instance on direct appeal. ***Commonwealth v. Holmes***, 79 A.3d 562, 563 (Pa. 2013) (reaffirming the general rule of deferral to Post Conviction Relief Act ("PCRA") collateral review of ineffectiveness claims set forth in ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002)). Consequently, we deny relief, without prejudice to Grandoit's right to challenge counsel's effectiveness in a timely-filed PCRA petition.

In his second issue, Grandoit challenges the sufficiency of the evidence supporting his convictions, contending that "the Commonwealth failed to prove beyond a reasonable doubt that [Grandoit] sold drugs to [Lewis]." ***Anders*** Brief at 5.[3]

---

[3] Preliminarily, we note that Grandoit does not specify the convictions, or the elements thereof, that he challenges as not being supported by sufficient evidence. This Court has explained that

> when challenging the sufficiency of the evidence on appeal, the [a]ppellant's [court-ordered Rule 1925(b) concise] statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. Such specificity is of particular importance in cases where … the [a]ppellant was convicted of multiple crimes[,] each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009) (citations and quotation marks omitted). If the appellant does not specify such elements, the sufficiency claim is deemed waived. ***Id.*** Accordingly, we could determine that Grandoit waived his sufficiency challenge. Nevertheless, we will briefly address the merits of the claim, as the trial court discussed it in its Opinion.

Our standard of review of a sufficiency of the evidence claim is well settled:

> Our standard of review is whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt.

*Commonwealth v. Cruz*, 71 A.3d 998, 1006 (Pa. Super. 2013) (citation and brackets omitted).

The trial court addressed and rejected Grandoit's sufficiency challenge in its Opinion as follows:

> Detective John Anthony [("Detective Anthony")] of the Kingston Borough Police Department testified that on May 13, 2016, he observed what his training suggested to him was a hand[-]to[-]hand drug transaction between two men[,] later identified as [Grandoit] and [] Lewis. N.T. 4/25/17 at 22, 24-25. After the transaction occurred, [Grandoit] drove away in a vehicle that was later stopped by police. *Id.* at 29, 41. The police then made contact with [] Lewis, who admitted that he bought heroin from [Grandoit,] and turned over the ten packets that were the subject of the transaction. *Id.* at 30, 77. At trial, Lewis identified [Grandoit] as the person from whom he purchased heroin on the day in question. *Id.* at 52. Additionally, Lewis testified that at the time, he was a drug user, and that he purchased heroin from [Grandoit] after communicating with him through text messages. *Id.* at 52, 54-57, 60-61. The [p]olice investigation confirmed the existence of this text conversation between the cell [phone] number associated with the cell phone seized from [Grandoit] on May 13, 2016, and the phone provided to police by [] Lewis. *Id.* at 53, 58.
>
> Based on the evidence presented by the Commonwealth, we suggest that the record, viewed in the light most favorable to the Commonwealth as the verdict winner[,] and giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence, establishes each material element of the

crime[s] charged and the commission thereof by [Grandoit], beyond a reasonable doubt. As such, the evidence is sufficient to support the [] conviction[s] [].

Trial Court Opinion, 5/24/19, at 4-5. The trial court's analysis is supported by the law and the record, and we thus affirm on this basis in concluding that Grandoit's sufficiency challenge is frivolous. ***See id.***

In his third issue, Grandoit "contends that the use of a single picture to identify him as the perpetrator was improper." ***Anders*** Brief at 6.

In its Opinion, the trial court determined that Grandoit failed to preserve this issue:

[Grandoit's Pa.R.A.P.] 1925(b) Statement does not cite to the location in the record where trial counsel objected to the use of a single picture to identify [Grandoit], and our own review of the record indicates that no such objection was made. As such, any challenge to the use of a single picture to identify [Grandoit] is waived for failure to raise it before the trial court. Pa.R.A.P. 302(a) ([providing that] "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); ***Commonwealth v. Cole***, 167 A.3d 49, 64 (Pa. Super. 2017), ***appeal denied***, 186 A.3d 370 (Pa. 2018); ***Commonwealth v. Douglass***, 701 A.2d 1376, 1378 (Pa. Super. 1997) ([holding that] appellant waived claim that identification evidence should be suppressed because the procedure was impermissibly suggestive[,] where appellant failed to move to suppress the identification; and such failure precludes its litigation for the first time at trial, in post-trial motions or on appeal).[FN 1]

> [FN 1] Even if preserved, a challenge to the use of a "single picture" would not appear to provide [Grandoit] relief, since the record is clear that [Grandoit] was identified in person by Detective Anthony and by [] Lewis.

Trial Court Opinion, 5/24/19, at 5 (footnote in original). We agree with the trial court's analysis and determination, which is supported by the law and the record. Accordingly, this claim entitles Grandoit to no relief.

In his fourth and final issue, Grandoit baldly argues that "the traffic stop was illegal." *Anders* Brief at 6.

The trial court determined that Grandoit also failed to preserve this claim, stating as follows:

> As with the previous issue, [Grandoit's] Rule 1925(b) Statement does not cite to the location in the record where trial counsel objected to the legality of the traffic stop,[FN 2] and our own review of the record indicates that no such objection was made. Also as noted above, no suppression motion was filed in this case, and at no time did [Grandoit] argue before the trial court that the traffic stop was "illegal" in any respect. Because [Grandoit] did not raise this alleged error before the trial court, it does not entitle[] him to relief on direct appeal. Pa.R.A.P. 302(a).
>
> > [FN 2] The Rule 1925(b) Statement does not specify the manner in which the traffic stop was allegedly illegal.

Trial Court Opinion, 5/24/19, at 6 (footnote in original and location moved). The trial court's analysis is supported by the record, and we likewise conclude that this claim is waived.

Finally, because our independent review of the record discloses no additional non-frivolous issues that Grandoit could raise on appeal, we grant Attorney Kelly's Petition to Withdraw and affirm Grandoit's judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/27/2019</u>